Determination of respondent State of New York Industrial Board of Appeals (IBA), dated May 30, 2012, which, after a hearing, determined that respondent New York State Department of Labor (DOL) acted reasonably in concluding that the New York City Board of Education (BOE) did not terminate petitioner’s employment in retaliation for his complaints about health and safety pursuant to the Public Employee Safety and Health Act, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Eileen A. Rakower, J.], entered on or about Sept. 21, 2012), dismissed, without costs.
Substantial evidence in the record supports IBA’s determination that DOL acted reasonably in concluding that petitioner’s complaints regarding health and safety were not a motivating factor in petitioner’s dismissal from his position as a teacher in *413 the Homebound Program (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). This is so whether the matter is analyzed pursuant to the traditional framework set forth in McDonnell Douglas Corp. v Green (411 US 792 [1973]), or under a “mixed motive” analysis (see e.g. Melman v Montefiore Med. Ctr., 98 AD3d 107, 127-128 [1st Dept 2012]). There exists no basis to disturb the credibility determinations made by the Hearing Officer (see Matter of Nelke v Department of Motor Vehs. of the State of N.Y., 79 AD3d 433 [1st Dept 2010]).
Although there is evidence that petitioner’s supervisor purportedly told a DOL investigator in 1993 that petitioner was terminated from his position because he made health and safety complaints, the evidence underlying DOL’s conclusion included extensive evidence of deficient performance by petitioner. Moreover, the supervisor who allegedly indicated a discriminatory motive was not the ultimate decision-maker, and the record shows that BOE immediately offered petitioner another tenured track position after terminating his employment in the Home-bound Program. Concur — Tom, J.P, Saxe, DeGrasse, Richter and Clark, JJ.